**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2834
_____

FRANK M. MONTE,
                                Appellant

v.

DETECTIVE JOE KESSLING, Individually and in his official capacity, of the Broward
County Sheriff's Office, State of Florida; HONORABLE LISA PORTER, Individually
and in their official capacity, as County Judge of the 17th Judicial Circuit State of
Florida, Broward County; CHRISTOPHER W. POLE, Individually and in their official
capacity, as County Judge of the 17th Judicial Circuit State of Florida, Broward County;
MICHAEL J. SATZ, Individually and in his official capacity as State Attorney for the
17th Judicial Circuit State of Florida, Broward County; CHRISTOPHER KILLORAN,
Individually and in his official capacity as Assistant State Attorney for the 17th Judicial
Circuit State of Florida, Broward County; FREDERIC M. KNAPP, Individually and in
his official Capacity, Morris County Prosecutor of the State of New Jersey; STATE OF
FLORIDA; STATE OF NEW JERSEY; RICHARD LYNN SCOTT, Governor of the
State of Florida; PAMELA JO BONDI, Attorney General of the State of Florida;
PHILIP DUNTON MURPHY, Governor of the State of New Jersey; GURBIR S.
GREWAL, Attorney General of the State of New Jersey
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:18-cv-11363)
District Judge: Honorable John M. Vazquez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2018

Before: KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 19, 2018)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Frank M. Monte appeals from the judgment of the United States District Court for the District of New Jersey dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, we will affirm the judgment of the District Court.

Monte sought to file an in forma pauperis ("ifp") complaint in the District Court, raising claims pursuant to 42 U.S.C. § 1983 related to an arrest and detention in Florida. The District Court allowed him to proceed ifp and, on screening, the District Court dismissed the complaint and Monte's subsequently submitted amendment without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).

Monte filed a second amended complaint, naming as defendants the states of Florida and New Jersey, a detective and judges in Florida, prosecutors in Florida and New Jersey, and the Attorneys General and Governors of both states. He generally alleged that defendants did not have "Competent Jurisdiction" to conduct an investigation and to arrest him in Florida, as he is a citizen of New Jersey. More specifically, Monte alleged that defendants maintained an unconstitutional policy (Count I), violated his due process and equal protection rights (Count II), and engaged in intentional misconduct by

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

falsely arresting and falsely imprisoning him (Count III). The District Court dismissed the second amended complaint with prejudice, pursuant to § 1915(e)(2)(B)(ii), for failure to state a claim. Monte appeals.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

The District Court properly dismissed Monte's second amended complaint pursuant to § 1915(e)(2)(B)(ii). Regarding Count I, wherein Monte alleged that defendants maintained an unconstitutional policy, nowhere did Monte specify the particular policy or custom at issue. See McTernan v. City of York, 564 F.3d 636, 657–58 (3d Cir. 2009). In the District Court's first order dismissing the complaint without prejudice, it stated, "[t]he Court cannot tell from [Monte's] allegations what policy [he] believes is unconstitutional, and it will not guess." Dkt # 3, at 5. Monte did not clarify what policy he was referring to in his subsequent amended complaint (or in his brief on appeal).

---

[1] On August 30, 2018, Monte filed a motion for emergency relief pending appeal in this Court, which was construed as a motion for a stay pending appeal. His motion was subsequently denied.

In Count II, Monte alleged that his equal protection and due process rights were violated. The District Court properly determined that Monte failed to allege any facts showing that he was treated differently from similarly situated persons, and therefore failed to state an equal protection claim. See Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003) ("To prevail on an equal protection claim, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated.") (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)).

Similarly, Monte failed to state a due process claim. It is not entirely clear what action allegedly violated Monte's due process rights. Even if we liberally construe the complaint to include a due process challenge related to the false arrest and false imprisonment claims in Count III, as the District Court did, Monte failed to state a claim. Monte did not allege any facts to show that either his arrest or imprisonment was made without probable cause.[2] See James v. City of Wilkes-Barre, 700 F.3d 675, 680, 682–83 (3d Cir. 2012) (analyzing false arrest and false imprisonment claims similarly, requiring a showing that (1) that plaintiff was arrested/detained, and (2) that the arrest/detention was made without probable cause). To the extent that Monte alleged an intentional tort claim in Count III, the District Court correctly determined that Monte failed to plead any of the elements of an intentional tort or to allege any facts to support such a cause of action.

---

[2] Monte included the arrest warrant, and affidavit supporting the arrest warrant, for his 2017 arrest as attachments to his second amended complaint. These documents suggest that there was, in fact, probable cause for his arrest and detention. See dkt # 4, at 29–33 (PDF page numbers).

4

Furthermore, we find no error with the District Court's decision to dismiss the second amended complaint with prejudice, as providing any further opportunity to amend would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Monte has already filed two amended complaints, and has failed to cure the defects in each amendment.

For the foregoing reasons, we will affirm the judgment of the District Court.[3]

---

[3] Although the District Court dismissed Monte's complaint before any of the defendants were served, one defendant has appeared on appeal and presents a motion to supplement the appendix, which we grant.